1
2
3
4
5
6
7
8            IN THE UNITED STATES DISTRICT COURT
9           FOR THE NORTHERN DISTRICT OF CALIFORNIA
10
11  IN RE CHARLES NEWMAN            )
    SECTION 1983 CLAIMS             )   No. C 06-05993 JW (PR)
12                                  )
                                    )   ORDER TO SHOW CAUSE
13                                  )
                                    )
14                                  )
                                    )
15                                  )
                                    )
16  _____)
17

18     Plaintiff, a California inmate, has filed a series of pro se civil rights complaint

19 pursuant to 42 U.S.C. § 1983.  On July 27, 2007, the Court issued an amended order

20 consolidating the several complaints filed by plaintiff and entitled the matter "In re

21 Charles Newman Section 1983 Claims" under Case No. C 06-05993.

22     With respect to this now-consolidated action, plaintiff has not paid the filing

23 fee and appears to be ineligible for pauper status.  Accordingly, this suit is subject to

24 dismissal for the reasons set forth below.

25     The Prison Litigation Reform Act of 1995 ("PLRA") was enacted, and

26 became effective, on April 26, 1996.  It provides that a prisoner may not bring a civil

27

28 Order to Show Cause
   N:\Pro - Se\8.20.2007\06-05993 Newman05993_osc1915.wpd

action in forma pauperis under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Section 1915(g) requires that this court consider prisoner actions dismissed before, as well as after, the statute's 1996 enactment. Tierney v. Kupers, 128 F.3d 1310, 1311-12 (9th Cir. 1997).

For purposes of a dismissal that may be counted under § 1915(g), the phrase "fails to state a claim on which relief may be granted" parallels the language of Federal Rule of Civil Procedure 12(b)(6) and carries the same interpretation, the word "frivolous" refers to a case that is "of little weight or importance: having no basis in law or fact," and the word "malicious" refers to a case "failed with the 'intention or desire to harm another.'" Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005) (citation omitted). Only cases within one of these three categories can be counted as strikes for § 1915(g) purposes. See id. Dismissal of an action under § 1915(g) should only occur when, "after careful evaluation of the order dismissing an [earlier] action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." Id.

Andrews requires that the prisoner be given notice of the potential applicability of § 1915(g), by either the district court or the defendants, but also requires the prisoner to bear the ultimate burden of persuasion that § 1915(g) does not bar pauper status for him. Id. Andrews implicitly allows the court to sua sponte raise the § 1915(g) problem, but requires the court to notify the prisoner of the earlier dismissals it considers to support a § 1915(g) dismissal and allow the prisoner

an opportunity to be heard on the matter before dismissing the action. See id. at 1120. A dismissal under § 1915(g) means that a prisoner cannot proceed with his action as a pauper under § 1915(g), but he still may pursue his claims if he pays the full filing fee at the outset of the action.

A review of the dismissal orders in plaintiff's prior prisoner actions reveals that plaintiff has had at least three such cases dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. Plaintiff is now given notice that the court believes the following dismissals may be counted as dismissals for purposes of § 1915(g): (1) Newman v. Jensen, No. 96-CV-1905-UA (C.D. Cal. Mar. 18, 1996) (denying leave to proceed in forma pauperis and dismissing case as frivolous under 28 U.S.C. § 1915(d)); (2) Newman v. Jensen, 127 F.3d 1105 (unpublished disposition) (9th Cir. 1997) (dismissing the appeal for failure to state a claim upon which relief may be granted); (3) Newman v. Villa, No. 00-CV-1407-W-JFS (S.D. Cal. Aug. 1, 2000 & Sept. 11, 2000) (dismissing complaints under 28 U.S.C. § 1915(e)(2) for failing to state a claim); and (4) Newman v. Gonzalez, No. 00-CV-1556-L-LSP (S.D. Cal. Sept. 5, 2000 & Nov. 16, 2000) (dismissing complaints under 28 U.S.C. § 1915(e)(2) for failing to state a claim). Plaintiff therefore may proceed in forma pauperis only if he is seeking relief from a danger of serious physical injury which is "imminent" at the time of filing. See Abdul-Akbar v. McKelvie, 239 F.3d 307, 312 (3d Cir. 2001) (en banc); Medberry v. Butler, 185 F.3d 1189, 1192-93 (11th Cir. 1999); Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir. 1998); Banos v. O'Guin, 144 F.3d 883, 885 (5th Cir. 1998).

In light of these dismissals, and because plaintiff does not appear to be under imminent danger of serious physical injury, the court now orders plaintiff to SHOW CAUSE why this action should not be dismissed pursuant to 28 U.S.C. § 1915(g).

Order to Show Cause
N:\Pro - Se\8.20.2007\06-05993 Newman05993_osc1915.wpd     3

Plaintiff's response to this order to show cause is due no later than **August 31, 2007**. The response must clearly be labeled "RESPONSE TO ORDER TO SHOW CAUSE."

Although the court has listed four dismissals, only three prior dismissals need to qualify under § 1915(g). In the alternative to showing cause why this action should not be dismissed, plaintiff may avoid dismissal by paying the full filing fee by the deadline.

**<u>FAILURE TO FILE A RESPONSE BY AUGUST 31, 2007 OR FAILURE TO PAY THE FULL FILING FEE WILL RESULT IN THE DISMISSAL OF THIS ACTION WITHOUT FURTHER NOTICE TO PLAINTIFF</u>.**

DATED:   August 9, 2007

*James Ware*
JAMES WARE
United States District Judge

Order to Show Cause
N:\Pro - Se\8.20.2007\06-05993 Newman05993_osc1915.wpd   4